UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEFFERY WILLIAMS,

                         **Caso No.**

                 Plaintiff,

    -against-

                       **COMPLAINT AND DEMAND**
                          **FOR JURY TRIAL**

LANTERNE LLC
and SUSAN LUM, REALTY CORP.

                 Defendants
------------------------------------------------------------x

Plaintiff Jeffery Williams (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants Lanterne LLC and Susan Lum, Realty Corp. (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This case challenges ongoing and unlawful disability discrimination committed by Defendants. Plaintiff seeks declaratory, injunctive, and equitable relief, along with monetary damages and attorney's fees, costs, and expenses, as a result of Defendants' failure to make their store accessible, in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq., the New York State Executive Law § 296, the New York State Civil Rights Law § 40, and the Administrative Code of the City of New York § 8-107. Defendants own, lease, or operate a public space that is not ADA-compliant. They are also liable for the conduct of their employees and agents.

2. Rather than follow clear legal mandates, Defendants chose not to ensure accessibility for disabled individuals. That was a deliberate business decision. Now they must be held accountable. Plaintiff brings this action so that he, like all customers, can access Defendants' business on equal terms.

1

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343. Supplemental jurisdiction over related state and city claims exists under 28 U.S.C. § 1367(a).

4. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this District, and the subject property is located here.

**PARTIES**

5. Plaintiff is a New York County resident.

6. Plaintiff uses a wheelchair due to a spinal injury sustained from a gunshot wound at age 13, which left him unable to walk and limited in movement.

7. Defendants own, lease, or operate a storefront located at 69 Mulberry Street, New York, NY 10013 (the "Premises").

8. Each Defendant is authorized to do business in New York.

9. At all relevant times, the Premises has functioned as a public accommodation.

**FACTS COMMON TO ALL CLAIMS**

10. Defendants operate a public accommodation under the ADA, Executive Law, and Administrative Code.

11. The Premises is a public accommodation as defined by these statutes, being a privately operated facility affecting commerce.

12. There are multiple structural barriers at the Premises that impede or block access for Plaintiff.

13. On information and belief, the Premises was built or designed for first occupancy after January 26, 1993.

14. Defendants made renovations or alterations to the Premises after January 1992.

15. Plaintiff frequently travels through the area around the Premises.

16. Plaintiff drives using a car outfitted with hand controls, enabling independent travel despite paralysis.

17. Plaintiff visits the neighborhood regularly for shopping, seeing friends, and spending time with family.

18. On or around March 15, 2025, Plaintiff attempted to enter the Premises because he was interested in the candle store and its custom candle-making experience.

19. A step at the entrance and the lack of any call button or way to request help prevented Plaintiff from entering.

20. This incident left Plaintiff feeling humiliated and discriminated against.

21. Plaintiff wants to return to the Premises once the barriers are removed.

22. The store is located less than an hour from Plaintiff's home.

23. The physical setup, features, and services offered at the Premises are not accessible as required by the 1991 and 2010 ADA Accessibility Standards.

24. Due to these violations, Plaintiff cannot safely or fully use the Premises.

25. The Premises does not comply with the 1991 or 2010 ADA Standards, the Administrative Code, the New York City Building Code, or the 2014 NYC Construction Code.

26. Barriers identified include but are not limited to: a step at the main entrance, no accessible route, no ramp, and no compliant means of egress.

27. The cited violations are not exhaustive; other barriers are likely present.

28. A full inspection is needed to identify all ADA violations.

29. Such inspection is required to ensure full compliance and avoid piece-meal litigation. Plaintiff will amend this Complaint as needed after inspection.

30. Defendants have excluded Plaintiff from services because of his disability.

31. Defendants have failed to adopt policies or procedures that comply with legal standards or offer reasonable accommodations.

32. Plaintiff faces ongoing risk of discrimination until these barriers are addressed.

33. He visits the area regularly and plans to return to the Premises once accessible.

## FIRST CAUSE OF ACTION

### (Violations of the Americans with Disabilities Act)

34. Plaintiff incorporates all prior allegations.

35. Plaintiff is disabled under the ADA, due to impairments that substantially limit walking and movement. He uses a wheelchair.

36. Under the ADA, both the owner and tenant of a public accommodation are liable. 28 C.F.R. § 36.201(b).

37. Defendants cannot avoid this liability by shifting responsibility to each other.

38. Defendants have denied Plaintiff full and equal use of their store based on his disability. Their practices have had a discriminatory impact.

39. By ignoring accessibility laws, Defendants have communicated that disabled patrons are unwelcome.

40. Defendants either designed or altered the Premises in a way that does not comply with the 1991 or 2010 ADA Standards. 28 C.F.R. § 36.401(A)(1); 42 U.S.C. § 12183(a)(1).

41. The store fails to provide an equal setting for disabled individuals, violating 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

42. Alterations to the Premises were not made accessible to the maximum extent feasible. 28 C.F.R. §§ 36.402 and 36.406.

43. Accessible paths of travel to key areas were not provided. 28 C.F.R. § 36.403.

44. Defendants have not complied with the 2010 ADA Standards as required.

45. They failed to remove barriers that could be readily addressed. 28 C.F.R. § 36.304.

46. In the alternative, Defendants failed to offer reasonable alternatives to barrier removal. 28 C.F.R. § 36.305.

47. These actions show a pattern of discrimination under 42 U.S.C. § 12181 et seq., and 28 C.F.R. § 36.101 et seq.

## SECOND CAUSE OF ACTION

### (Violations of the New York State Executive Law)

48. Plaintiff incorporates all prior allegations.

49. Due to various conditions affecting movement and walking, Plaintiff qualifies as disabled under Executive Law § 296(21).

50. Defendants have treated Plaintiff differently and denied him equal access to the Premises.

51. Defendants violated Executive Law § 296(2) by maintaining an inaccessible space and aiding one another in that discrimination.

52. They failed to remove readily achievable barriers. Executive Law § 296(2)(c)(iii).

53. In the alternative, Defendants did not offer reasonable accommodations. Executive Law § 296(2)(c)(iv).

54. Making the Premises accessible would not impose undue hardship.

55. As a result of this conduct, Plaintiff has experienced and continues to experience emotional harm, including humiliation and stress.

56. Plaintiff has sustained and will continue to sustain damages to be determined at trial.

## THIRD CAUSE OF ACTION

### (Violations of the Administrative Code of the City of New York)

57. Plaintiff incorporates all prior allegations.

58. Plaintiff's physical impairments substantially limit his mobility and fall within the definition

of disability under Administrative Code § 8-102(16).

59. The Local Civil Rights Restoration Act of 2005 affirms that the Administrative Code must be interpreted broadly, independent of state or federal civil rights laws.

60. Defendants have engaged in discriminatory conduct by denying Plaintiff access to their store, in violation of Administrative Code § 8-107(4).

61. Defendants created or maintained an inaccessible business, violating the same provision.

62. They treated Plaintiff unfairly and denied him access to goods and services.

63. As a result, Plaintiff suffered emotional harm.

64. Defendants' refusal to fix accessibility issues shows reckless disregard.

65. By continuing their noncompliance, Defendants have sent a message that disabled people are not welcome.

66. Defendants acted with willful or reckless indifference, justifying punitive damages under Administrative Code § 8-502.

67. Defendants have profited from their unlawful conduct and must return those gains, with interest.

68. Plaintiff has been and will continue to be harmed, with damages to be assessed at trial.

## FOURTH CAUSE OF ACTION

### (Violations of the New York State Civil Rights Law)

69. Plaintiff incorporates all prior allegations.

70. Because Defendants violated the Executive Law, Plaintiff is entitled to penalties under Civil Rights Law §§ 40-c and 40-d.

### INJUNCTIVE RELIEF

71. Plaintiff will continue to experience unlawful discrimination as a result of defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order defendants to alter and modify their place of public accommodation and their operations,

6

policies, practices and procedures.

72. Injunctive relief is also necessary to make defendants' facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

73. Injunctive relief is further necessary to order defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, Executive Law and the Administrative Code.

## DECLARATORY RELIEF

74. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

## ATTORNEY'S FEES, EXPENSES AND COSTS

75. In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards

or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii.     Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv.     Award of compensatory damages in an amount to be determined at trial;

v.     Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi.     Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii.     Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii.     For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.


Dated: May 13, 2025

       Manhasset, New York

                                   Respectfully submitted,


                                   **GABRIEL A. LEVY, P.C.**
                                   Attorney for Plaintiff
                                   1129 Northern Blvd, Suite 404
                                   Manhasset, NY 11030
                                   (347) 941-4715

                                   **By:** /s/ Gabriel A. Levy, Esq.
                                   **GABRIEL A. LEVY, ESQ (5488655)**
                                   Glevy@glpcfirm.com